# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| FRANK E. ALEXANDER, | ) CASE NO. 3:23-CV-02424-BMB |
| Plaintiff, | ) JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) MAGISTRATE JUDGE |
| WARDEN TIMOTHY WALLACE, | ) CARMEN E. HENDERSON |
| Defendant, | ) **REPORT & RECOMMENDATION** |

**I.     Introduction**

Petitioner, Frank E. Alexander, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Alexander is an Ohio prisoner who is currently serving an aggregate sentence of mandatory 40 years to life. Alexander asserts four grounds for relief. (ECF No. 1). Respondent, Warden Tom Watson[1] filed a return of writ on April 29, 2024. (ECF No. 6). Alexander filed his Traverse on July 24, 2024. (ECF Nos. 7, 7-1).

This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Alexander's petition and other case-dispositive motions. Because Alexander presents only procedurally defaulted claims, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

**II.     Background**

---

[1] Petitioner Frank Alexander is incarcerated at the North Central Correctional Complex. Tom Watson is the Warden of that institution, and, as such, is the proper party Respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

1

The Ohio Court of Appeals for the Third Appellate District set forth the following background on direct appeal:

> {¶2} The case stems from Alexander's sexual abuse of his three daughters, Sa.A., A.A., and Si.A., commencing in 2008 and continuing until the abuse was disclosed to law enforcement in 2019. The abuse was disclosed to law enforcement after Sa.A. believed she had observed Alexander sexually abusing her youngest sister, Si.A.1 Following the disclosure, Alexander confessed to law enforcement to sexually abusing his three daughters. Further, Alexander wrote his daughters a letter of apology for his abuses. His confessions to law enforcement and his letter of apology were admitted into evidence at trial.
>
> {¶3} On August 15, 2019, the Allen County Grand Jury indicted Alexander on 17 criminal charges including 10 counts of rape in violation of R.C. 2907.02(A)(1)(b), (B), all first-degree felonies; 6 counts of sexual battery in violation of R.C. 2907.03(A)(5), (B), second-degree felonies; and 1 count of gross sexual imposition in violation of R.C. 2907.05(A)(4), (C)(2), a third degree-felony.2 On August 22, 2022, Alexander appeared for arraignment and entered not-guilty pleas to all 17 criminal charges.
>
> {¶4} Alexander's jury trial commenced on December 14, 2021, wherein he was found guilty by a jury of all 17 criminal counts in the indictment including special findings under Counts 5 and 14 as to Sa.A.'s and A.A.'s ages at the time of Alexander's abuses.
>
> {¶5} At Alexander's sentencing hearing held on January 24, 2022, the trial court imposed a mandatory prison term of 10 years to life under Counts 1, 4, 6, 7, 8, 15, 16, and 17; a mandatory prison term of 15 years to life under each Counts 5 and 14; a mandatory minimum prison term of 8 years to a maximum term of 12 years under Count 2; a mandatory term of 60 months under Count 3; and non-mandatory prison terms of 60 months each under Counts 9, 10, 11, 12, and 13. Thereafter, the trial court ordered that the prison terms under Counts 1, 2, 3, and 4 run concurrently to one another, but consecutively to all remaining counts. Then, the trial court ordered that Counts 5, 6, 7, 8, 9, 10, 11, 12, and 13 run concurrently to each other, and consecutively to all other counts. Finally, the trial court ordered that Counts 14, 15, 16, and 17 be ordered to be served concurrently to one another, but consecutively to all other counts for an aggregated stated prison term of mandatory 40 years to life.

*State v. Alexander*, 2023-Ohio-123, ¶¶ 2-5 (3rd Dist., Jan 17, 2023).[2]

---

[2] The facts found by the appellate court of record "shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

### III.   Direct Appeal

Alexander, through new counsel, filed a timely appeal of the judgment, and asserted the following errors for review:

1. The trial court violated Alexander's federal and state constitutional rights to due process and a fair trial by admitting his confessions without independent proof of the corpus delicti of the charged crimes in counts 14, 15, 16 and 17.

2. Appellant was denied the effective assistance of counsel when his trial counsel failed to object to the admission of his confessions prior to any independent proof of the corpus delicti of the charged crimes in counts 14, 15, 16 and 17.

3. Offenses set forth in counts 1 and 2 are allied offenses of similar import and should have been merged for sentencing purposes.

(ECF No. 6-1, Ex. 6). The State filed a brief in response. (*Id.*, Ex. 7). On January 17, 2023, the Third District Court of Appeals overruled all three assignments of error and affirmed the judgment of the Allen County Common Pleas Court. (*Id.*, Ex. 8); *State v. Alexander*, 2023-Ohio-123.

Alexander did not perfect a timely appeal to the Ohio Supreme Court.

### IV.   Delayed Appeal to the Ohio Supreme Court

On June 6, 2023, Alexander, pro se, filed a motion for leave to file a delayed appeal (*id.*, Ex. 9) as well as an untimely notice of appeal with the Ohio Supreme Court (*id.*, Ex. 10). On August 1, 2023, the Ohio Supreme Court denied Alexander's motion for leave to file a delayed appeal. (*Id.*, Ex. 11). Alexander moved for reconsideration on August 11, 2023. (*Id.*, Ex. 12). The Ohio Supreme Court denied the motion for reconsideration on October 10, 2023. (*Id.*, Ex. 13).

### V.   Federal Habeas Corpus Petition

On December 21, 2023, Alexander raised the following four grounds for relief:

**GROUND ONE**: The Petitioner was deprived of his Constitutional Rights to Due Process and Equal Protection under Constitutions of both Federal and State.

  **Supporting Facts**: The state-court arrived at a conclusion opposite to that reached by the [S]upreme Court on a question of law, when the state court's January

3

17, 2023 decided a case differently than the Supreme Court on a set of materially indistinguishable facts with respect to the constitutional rights of the Petitioner to be free from intentional selective enforcement through race discriminatory pattern and practices in Allen County against minorities (African Americans).

**GROUND TWO**: Petitioner was denied effective assistance of trial and appellate counsel as guaranteed under both Federal and State Constitutional Rights.

**Supporting Facts**: Petitioner contends that both trial counsel and appellate counsel were not acting as counsel guaranteed by the Sixth Amendment of the United States Constitution and Article I. Section 10 of the Ohio Constitution, when trial counsel failed to object to admission of a confession prior to any independent proof of the corpus delicti of the charged crimes in Counts 14, 15, 16, and 17.

**GROUND THREE**: Petitioner was deprived of the Equal Protection of the law on offenses of similar import and denied concurrent sentences on Counts 1 and 2.

**Supporting Facts**: All of the Petitioner's charges should have been run concurrent where there was an issue before the trial concerning subject matter-jurisdiction, and no physical evidence was ever presented connecting the Petitioner to any of these alleged crimes, which were all hearsay in nature.

**GROUND FOUR**: The State failed to disclose evidence favorable to Petitioner that these crimes were committed by someone other than Petitioner or were not committed at because Petitioner was not aware of the State's continuing duty to disclose to Petitioner evidence favorable to the defense, especially evidence that these crimes were committed someone other than Petitioner or were not committed at all. [sic].

**Supporting Facts**: Petitioner knows that he did not commit these crimes so common sense says that if these crimes happen they must have been committed by someone else or not at all because Petitioner was not aware of the State's continuing duty to disclose to Petitioner evidence favorable to the defense, especially evidence that these crimes were committed someone other than Petitioner or were not committed at all. [sic].

(ECF No. 1).

## VI. Legal Standards

### A. Jurisdiction

Title 28 U.S.C. § 2254(a) authorizes district courts to entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." A state

4

prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Allen County sentenced Alexander, and Allen County is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Alexander's § 2254 petition.

### B. Procedural Default

Procedural default occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle v. Isaac*, 456 U.S. 107, 125 n.28, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). In determining whether there has been a procedural default, the federal court again looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). When a state court declines to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, federal habeas review is barred as long as the state judgment rested on "independent and adequate" state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). To be independent, a state procedural rule and the state courts' application of it must not rely in any part on federal law. *Id*. at 732-33. To be adequate, a state procedural rule must be "'firmly established' and 'regularly followed'" by the state courts at the time it was applied. *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009).

A petitioner procedurally defaults a claim by failing to "fairly present" the claim in state court when he does not pursue that claim through the state's "'ordinary appellate

review procedures,'" and, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim. *Williams*, 460 F.3d at 806 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). Under these circumstances, while the exhaustion requirement is technically satisfied because there are no longer any state-court remedies available to the petitioner, the petitioner's failure to have the federal claims fully considered in the state courts constitutes a procedural default of those claims, barring federal habeas review. *Williams*, 460 F.3d at 806 ("Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review."); *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time of the federal petition,' . . ., it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law' . . . ." (internal citations omitted)).

Furthermore, to "fairly present" a claim to a state court, a petitioner must assert both its legal and factual basis. *Williams*, 460 F.3d at 806 (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Most importantly, a "'petitioner must present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law.'" *Id*. (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). A petitioner can overcome a procedural default by demonstrating cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a "fundamental miscarriage of justice" if the claim is not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to

him." *Id*. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id*. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)); *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004) ("The 'fundamental miscarriage of justice' gateway is open to a petitioner who submits new evidence showing that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' ") (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

## VII. Discussion

### A. Grounds One, Two, and Three are procedurally defaulted.

In his petition, Alexander asserts that he raised Grounds One, Two, and Three on direct appeal.[3] (*See* ECF No. 1).

In Ground One Alexander argues that he was deprived of his Constitutional Rights to Due Process and Equal Protection under Constitutions of both Federal and State. In support, Alexander states that "the state-court arrived at a conclusion opposite to that reached by the [S]upreme Court on a question of law, when the state court's January 17, 2023 decided a case differently than the Supreme Court on a set of materially indistinguishable facts with respect to the constitutional rights of the Petitioner to be free from intentional selective enforcement through race discriminatory pattern and practices in Allen County against minorities (African Americans)." (*Id*. at 7).

---

[3] Respondent disputes that Alexander raised Ground One on direct appeal. This Court does not analyze whether Ground One was raised because even assuming it was properly raised, it should be dismissed.

7

In Ground Two, Alexander states that he was denied effective assistance of trial and appellate counsel as guaranteed under both Federal and State Constitutional Rights. In support, he states that "both trial counsel and appellate counsel were not acting as counsel guaranteed by the Sixth Amendment of the United States Constitution and Article I. Section 10 of the Ohio Constitution, when trial counsel failed to object to admission of a confession prior to any independent proof of the corpus delicti of the charged crimes in Counts 14, 15, 16, and 17." (*Id.* at 9).

In Ground Three Alexander argues that he was deprived of the Equal Protection of the law on offenses of similar import and denied concurrent sentences on Counts 1 and 2. In support, he states that "[a]ll of [his] charges should have been run concurrent where there was an issue before the trial concerning subject matter- jurisdiction, and no physical evidence was ever presented connecting the Petitioner to any of these alleged crimes, which were all hearsay in nature." (*Id.* at 10).

Even assuming that these same issues were raised on direct appeal, Alexander failed to timely appeal the state appellate court's decision to the Ohio Supreme Court. On June 6, 2023, 140 days after the appellate court's January 17, 2023 decision, Alexander moved for leave to file a delayed appeal, which was denied by the Ohio Supreme Court. (ECF No. 6-1, Ex. 8, 9, 10). Accordingly, Grounds One, Two, and Three are procedurally defaulted because Alexander did not exhaust them by presenting it to the Ohio Supreme Court. *Dunn v. May*, No. 22-3300, 2022 WL 18283459, at *4 (6th Cir. Oct. 4, 2022) (citing *O'Sullivan*, 526 U.S. at 839-40). Thus, the Supreme Court of Ohio never reached the merits of Grounds One, Two or Three.

"If a state has a procedural rule that prevented the state courts from hearing the merits of a habeas petitioner's claim, that claim is procedurally defaulted when: (1) the petitioner failed to

8

comply with the rule; (2) the state actually enforced the rule against the petitioner; and (3) the rule is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *James v. Sheldon*, No. 1:17-CV-2095, 2021 WL 405522, at *4 (N.D. Ohio Feb. 5, 2021) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *Taylor v. McKee*, 649 F.3d 446, 450 (6th Cir. 2011)).

Alexander failed to comply with the filing requirements of Ohio Supreme Court Practice Rule 7.01, which requires an appellant to file notice of appeal within forty-five days of the entry of judgment being appealed, thus satisfying the first factor of the *Maupin* test. The second *Maupin* factor was satisfied when the Supreme Court of Ohio denied Alexander's motion for delayed appeal. (ECF No. 6-1, Ex. 11). Finally, Alexander's failure to comply with the filing requirements of Ohio Supreme Court Practice Rule 7.01 constitutes an adequate and independent state ground on which Ohio can rely to foreclose review of a federal constitutional claim. *See Parker v. Bagley,* 543 F.3d 859, 862 (6th Cir. 2008). Accordingly, Grounds One, Two, and Three are procedurally defaulted.[4] *See Bonilla*, 370 F.3d at 497.

"When a habeas claim is procedurally defaulted, it may nevertheless be considered if the petitioner shows 'cause for the procedural default and prejudice attributable thereto ....' " *Burroughs v. Makowski*, 411 F.3d 665, 667 (6th Cir. 2005) (quoting *Murray*, 477 U.S. at 484). "To show cause, a petitioner must show that some objective factor external to the defense impeded

---

[4] To the extent Ground Two raises ineffective assistance of appellate counsel, Alexander failed to raise this as an argument in the State court through an Ohio App. R. 26(B) application. "In Ohio, claims of ineffective assistance of appellate counsel are not cognizable in the normal course of post-conviction proceedings, and must be raised through an application to reopen the direct appeal pursuant to Ohio Rule of Appellate Procedure 26(B)." *Carter v. Mitchell*, 693 F.3d 555, 564 (6th Cir.2012) (emphasis added). There is no dispute that Alexander failed to raise this ineffective assistance of appellate counsel claim for review in the Ohio courts. Accordingly, Ground Two is procedurally defaulted.

9

... his efforts to comply with the State's procedural rule." *Id*. (citation and internal quotation marks omitted). Although Alexander filed a Traverse, he did not argue cause for his procedural default. However, in his motion for delayed appeal, Alexander argued that his appeal was untimely due to ineffective assistance of his appellate counsel for allegedly failing to send him a copy of the Ohio Court of Appeal's decision denying his direct appeal until April 28, 2023. (ECF No. 6-1, Ex. 9). "To constitute cause, that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs*, 411 F.3d at 668.

Appellate "counsel has a duty to inform the accused of the resolution of a proceeding in a timely fashion so that the accused retains his control over the decision to appeal." *Everson v. Larose*, No. 19-3805, 2020 WL 4920196, at *2 (6th Cir. May 4, 2020) (quoting *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 433 (6th Cir. 2006)). However, even where appellate counsel's delay in notifying his client of an adverse appellate court ruling constituted constitutionally deficient performance, the petitioner must still show that he would have timely appealed but for his counsel's error. *Smith*, 463 F.3d at 435. In *Smith*, the court explained that:

> [i]n assessing whether a defendant ... "would have timely appealed" by considering whether the defendant "promptly expressed a desire to appeal," we apply a rebuttable presumption that if the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is greater than the period allotted by state law for the timely filing of an appeal-here, forty-five days-the defendant fails to demonstrate that he or she "would have timely appealed" the decision but for the counsel's deficient failure to notify the defendant of the decision.

*Id.*

By his own admission, Alexander learned of the opinion by virtue of his counsel's communication with his wife. (*See* ECF No. 6-1, Ex. 9). Moreover, Alexander contends that this communication with his wife occurred on March 17, 2023. (*Id*.). Alexander did not seek to file a

10

delayed appeal until June 6, 2023, eighty-one days after the communication. As such, the record does not support Alexander's contention that he would have timely appealed but for his counsel's alleged deficient performance.

The Ohio Supreme Court's denial of Alexander's delayed appeal is an adequate and independent basis for procedural default. *Bonilla*, 370 F.3d at 497. As set forth *supra*, Alexander fails to establish prejudice as a result of his counsel's failure to notify him of the Ohio Court of Appeals' decision denying his claims, and thus he cannot rely on his counsel's ineffective assistance to overcome the procedural default of grounds one through three of this petition. Alexander also cannot overcome the procedural default on his claims on the basis of a fundamental miscarriage of justice because he has not presented any evidence, that he was "actually innocent." *Lundgren*, 440 F.3d at 764 (internal quotation marks omitted).

For all the following reasons, the undersigned recommends that Grounds One, Two, and Three of Alexander's habeas petition be DISMISSED on the grounds of procedural default.

### B. Ground Four is procedurally defaulted.

In Ground Four, Alexander asserts that "the State failed to disclose evidence favorable to Petitioner that these crimes were committed by someone other than Petitioner or were not committed at because Petitioner was not aware of the State's continuing duty to disclose to Petitioner evidence favorable to the defense, especially evidence that these crimes were committed someone other than Petitioner or were not committed at all. [sic]." (ECF No. 1 at 12). In support, Alexander states that he "knows that he did not commit these crimes so common sense says that if these crimes happen they must have been committed by someone else or not at all because Petitioner was not aware of the State's continuing duty to disclose to Petitioner evidence favorable to the defense, especially evidence that these crimes were committed someone other than Petitioner

11

or were not committed at all. [sic]." (*Id.*). Respondent argues that Ground Four is both procedurally defaulted and not cognizable on habeas review. (ECF No. 6 at 9-10).

Alexander acknowledges that he did not raise Ground Four in his direct appeal. (*See* ECF No. 1 at 10, 14). A petitioner may not raise on federal habeas a federal constitutional rights claim that he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle*, 456 U.S. at 110. "[U]nder Ohio law, a constitutional question cannot ordinarily be raised before the Ohio Supreme Court unless it was first presented to the intermediate appellate court." *Reed v. Jenkins*, Case No. 3:15-cv-00620, 2016 WL 6311235, at \*6 (N.D. Ohio June 22, 2016) (citations omitted), *report and recommendation adopted*, 2016 WL 6393350 (N.D. Ohio Oct. 27, 2016). As the Sixth Circuit has explained, "'The Ohio Supreme Court has stated that it will not consider constitutional claims not raised and preserved in the Ohio Court of Appeals.'" *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985) (quoting *Fornash v. Marshall*, 686 F.2d 1179, 1185 n.7 (6th Cir. 1982)) (additional internal citations omitted). When a claim is discoverable from the trial court record, failing to raise the claim on direct appeal is a well-established procedural default. *See Hill v. Mitchell*, 842 F.3d 910 (6th Cir. 2016); *Moore v. Mitchell*, 708 F.3d 760, 778 (6th Cir. 2013).

Whether Ground Four raises an actual innocence claim and/or a claim suggesting the State withheld unnamed exculpatory evidence pursuant to Crim. R. 16(A), such arguments involve allegations that can be determined by examination of the files and records in the case. *See e.g. State v. Milanovich*, 42 Ohio St. 2d 46 (1975). As such, Alexander should have raised these issues in his direct appeal but did not do so.

Accordingly, Ground Four is procedurally defaulted.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Alexander does not argue cause for his procedural default or present any new evidence demonstrating that he is actually innocent. (*See* ECF Nos. 1, 7, 7-1).

Having determined that Ground Four is procedurally defaulted, the Court need not analyze Respondent's argument that Ground Four is also not cognizable.

### VIII. Certificate of Appealability

#### A. Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

#### B. Analysis

Alexander's grounds for relief are procedurally defaulted. If the Court accepts the foregoing recommendation, then Alexander has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue a certificate of appealability.

## IX. Recommendation

Alexander has presented only procedurally defaulted claims. Thus, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

DATED: August 9, 2024

                                                *s/Carmen E. Henderson*
                                                Carmen E. Henderson
                                                United States Magistrate Judge

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).